## 39794. GRUBBS v. STYNCHCOMBE.

HILL, Chief Justice.

William Pannell Grubbs, Jr., brought a petition for writ of habeas corpus to challenge his detention by the Sheriff of Fulton County pursuant to an extradition warrant issued by the Governor of

the State of Georgia at the instance of the Governor of Tennessee. The habeas petition was denied by the Superior Court of Fulton County, and petitioner appeals.

In Michigan v. Doran, 439 U. S. 286, 289 (99 SC 530, 58 LE2d 521) (1978), the United States Supreme Court said: "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."

Of these matters, the only one the petitioner contests is the first. He contends that the Governor of Tennessee's demand for extradition was insufficient because Tennessee law provides that the district attorney's application for a requisition of a person charged with a crime must set out the "circumstance of its [the crime charged] committal" and the application presented to the Governor of Tennessee in this case did not do so. We disagree.

The Tennessee law relied on, Tennessee Code Ann. § 40-9-123, is substantially identical to OCGA § 17-13-43 (a) (Code Ann. § 44-423). Both are taken from the Uniform Criminal Extradition Act. This provision of the Tennessee Code is applicable "When the return to this state of a person charged with crime in this state is required . . .," as is OCGA § 17-13-43 (a) (Code Ann. § 44-423). Conversely, OCGA § 17-13-23 (Code Ann. § 44-404) provides in pertinent part: "No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor [of Georgia] unless in writing . . . accompanied by a copy of the indictment found. . . . The indictment . . . must substantially charge the person demanded with having committed a crime under the law of the state. . . ." These corresponding provisions of the Uniform Criminal Extradition Act should be construed together.

We hold that an indictment from another state "substantially charg[ing] the person demanded with having committed a crime under the law of the [foreign] state," OCGA § 17-13-23 (Code Ann. § 44-404), sufficiently describes the "circumstance of its committal" as required by the Uniform Criminal Extradition Act. See OCGA § 17-13-43 (a) (Code Ann. § 44-423).

The application of the Governor of Tennessee is accompanied by the indictment found against petitioner and that indictment substantially charges petitioner with having committed crimes in Tennessee. Therefore the application for extradition adequately described the circumstances of the commission of the crimes charged. The trial court did not err in denying habeas relief.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1983.

*Mark J. Kadish, Rhonda A. Brofman,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.